**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHLEEN S. MCGINNIS,** | : | |
| *on behalf of herself and all others similarly* | : | |
| *situated*, | : | |
| | : | |
| **Plaintiff,** | : | **Case No.:** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND FUNDING, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

Filed on Behalf of Plaintiff:
Kathleen S. McGinnis

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:         (412) 545-3015
Fax No.:            (412) 540-3399
E-mail:             jward@fentersward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATHLEEN S. MCGINNIS,** : | |
| *on behalf of herself and all others similarly* : | |
| *situated*, : | |
| : | |
| **Plaintiff,** : | **Case No.:** |
| : | |
| **v.** : | |
| : | |
| **MIDLAND FUNDING, LLC,** : | |
| : | |
| **Defendant.** : | |

## CLASS ACTION COMPLAINT

AND NOW, comes Plaintiff, Kathleen S. McGinnis, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint against Defendant, Midland Funding, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Kathleen S. McGinnis (hereinafter "Kathleen S. McGinnis"), is an adult individual who currently resides at 200 Chapel Court, Suite 218, Fallsington, Pennsylvania 19054.

2.      Defendant, Midland Funding, LLC, (hereinafter "Midland Funding"), is a corporation with its principal place of business located at 350 Camino De La Reina, San Diego, California 92108.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*,

1

4.     Venue is proper pursuant to 28 U.S.C. § 1391 as this district and division is where Defendant is subject to jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and where a substantial part of the events and omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACT

### A.   Midland's Debt Buying Practices and Consumer Locating Software

5.     Midland Funding is a wholly-owned subsidiary of Encore Capital Group, Inc., which "purchases old consumer Debt from some of the nation's largest Consumer finance and telecommunications companies, and from other Debt Buyers, for pennies on the dollar." Consent Order, Encore Capital Group, Inc., No. 2015-CFPB-0022 (Sept. 9, 2015), *available at www.consumerfinance.gov*.

6.     Between 2009 and 1015, Encore Capital Group, Inc. purchased "approximately 60 million Consumer accounts with a total face value of $128 billion." Id.

7.     Sometimes the information purchased by Encore Capital Group, Inc. is inaccurate "as to the identity of the Consumer obligated to pay the debt." Id.

8.     When Midland Funding receives incorrect consumer data regarding the consumer's location, Midland Funding uses "skip tracing" software in order to locate and file suit against the consumer.

9.     Skip tracing software is used to locate a consumer based upon a search of certain criteria, such as the consumer's old address, phone number, or full name.

10.     However, some consumer's share the same name or extremely similar names as other citizens, even within a narrow geographical search, and this can result in an inaccurate skip tracing outcome.

2

11.     For instance, when entering a person's name and last known address into a skip tracing search input, the result is a list of several different people which may or may not include the intended consumer.

12.     The results will include people with that consumer's exact name, differing middle names, married and maiden name differences, and sometimes wholly different names.

13.     The skip tracing software itself can be incorrect as to people who have the same name within the same city, incorrectly attributing a home address to a person who never resided at such address or even a wrong middle name.

14.     It is extremely important that the user pay very close attention to details when dealing with people who share the same name on a skip tracing search result, such as the last four numbers of a consumer's social security number, middle initials, etc.

15.     Upon information and belief, Midland Funding incorrectly sued Kathleen S. McGinnis upon a faulty skip tracing result when Midland Funding was in fact trying to locate and file suit against a Kathleen F. McGinnis.

**B.  Midland Funding, LLC vs. Kathleen McGinnis**

16.     On October 30, 2019, Midland Funding, filed a Civil Complaint against Kathleen S. McGinnis in Magisterial District Court at Docket Number: MJ-07207-CV-0000268-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

17.     On or about November 4, 2019, Kathleen S. McGinnis was served with the abovementioned complaint at 408 South State Street, Apt 1, Newton, Pennsylvania 18940.

18.     Prior to receiving the abovementioned complaint, Kathleen S. McGinnis was never contacted by Midland Funding concerning the alleged debt or any actions taken in connection with the collection of the alleged debt.

19.     Within the abovementioned complaint, Midland Funding alleged it was assigned a Comenity Capital Bank / Orbitz account. A true and correct copy of the complaint and corresponding exhibits offered at the magistrate hearing are attached hereto, made a part hereof, and marked as Exhibit "B".

20.     On or about November 11, 2019, and in response to the aforesaid lawsuit, Kathleen S. McGinnis engaged The Law Firm of Fenters Ward for representation.

21.     On November 22, 2019, The Law Firm of Fenters Ward served Midland Funding with a letter, (hereinafter, the "First Dispute Letter") wherein Midland Funding was informed of the disputed nature regarding the alleged debt and that Kathleen S. McGinnis was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "C".

22.     This First Dispute Letter stated that Kathleen S. McGinnis "denie[d] owing Midland Funding, LLC any amount of money" and informed Midland Funding, LLC that Kathleen S. McGinnis disputed any and all "Debts" Midland Funding claimed to possess. See Exhibit "C".

23.     "Debts" as defined within the First Letter of Dispute delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "C".

24.     The First Dispute Letter demanded, "proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and amendments thereto, any

4

other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to specific accounts." See Exhibit "C"

      25.    The First Dispute Letter further demanded evidence documenting and pertaining to the alleged debt under 15 U.S.C. § 1692g of the FDCPA in the form of:

      a.   "the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

      b.  A document signed by our client evidence the opening of the account forming the basis for the debt;

      c.  The name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

      d.  The last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available at the time of charge-off; the charge-off balance;

      e.  Midland Funding, LLC method of calculating any amount claimed in excess of the charge-off balance;

      f.  A copy of the statement where Midland Funding, LLC offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account." See Exhibit "C".

26.     Furthermore, Midland Funding was directed to cease and desist from contacting Kathleen S. McGinnis directly. See Exhibit "C".

27.     Kathleen S. McGinnis possessed a credit account, in good standing, with Comenity Capital Bank / Orbitz.

28.     Kathleen S. McGinnis, by and through the First Dispute Letter, requested documentation in order to ensure the Comenity Capital Bank / Orbitz account correctly attributed to her was not at issue in the abovementioned civil action.

29.     Midland Funding has a pattern and practice of flagrantly ignoring The Law Firm of Fenters Ward's requests for debt validation documentation.

30.     Midland Funding failed to provide, once again, The Law Firm of Fenters Ward or Kathleen S. McGinnis with any of the above-requested documentation to validate and verify the alleged debt and its attribution to Kathleen S. McGinnis.

31.     On November 22, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Kathleen S. McGinnis's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "D".

32.     On December 4, 2019, a Civil Action Hearing was held before the Honorable Michael Petrucci, Magisterial District Judge. See Exhibit "A".

33.     Within this Civil Action Hearing, Midland Funding offered into evidence documentation that purportedly illustrated the veracity of its ownership of the abovementioned alleged debt.

34.     This documentation included an Affidavit, a Bill of Sale, a letter from Comenity Bank, and two account statements.

6

35.     None of the abovementioned documentation identified Kathleen S. McGinnis as the true and correct individual who accrued the alleged debt nor did the abovementioned documentation properly document and authenticate the alleged debt's accrual or the factual existence.

36.     The letter from Comenity Bank and the account statements associated with the alleged debt are addressed to a Kathleen F. McGinnis with a home address of 86 Greenridge Circle, Newton, Pennsylvania 18940.

37.     At no time, past nor present, has Kathleen S. McGinnis resided, utilized, or otherwise been associated with this address.

38.     Furthermore, Kathleen S. McGinnis has never gone by or engaged in contractual relations using the name "Kathleen F. McGinnis."

39.     By instigating litigation to collect an alleged debt to which Kathleen S. McGinnis possessed no relation to, Midland Funding took an action that cannot legally be taken in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

40.     Furthermore, Midland Funding attempted to collect an alleged debt Kathleen S. McGinnis did not owe, incur, or have any contractual relation which constituted the utilization of false and misleading representations in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

41.     Midland Funding attempted to collect an alleged debt to which Kathleen S. McGinnis possessed no association with nor relation to and thereby utilized an unfair and unconscionable mean to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

42.     On December 4, 2019, at the conclusion of the Civil Action hearing, Judge Michael Petrucci granted a JUDGMENT FOR DEFENDANT in favor of Kathleen S. McGinnis and against

Midland Funding. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "E".

43.     On January 6, 2020, Midland Funding's appeal period expired, making Judge Michael Petrucci's JUDGMENT FOR DEFENDANT a final judgment: rendering the alleged debt extinguished and unenforceable.

## CLASS ALLEGATIONS

44.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

45.     Plaintiff brings this claim on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of all individuals to whom Defendant utilized a skip tracing system to wrongfully commence litigation, in an attempt to collect a debt, against an individual with a social security number, or last four digits of a social security number, which does not precisely match the social security number on the account portfolio purchased by Defendant.

46.     Excluded from the class is Defendant, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

47.     Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

48.     Questions of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issue concerns whether Defendant's pattern and practice of unlawfully engaging in litigation against an individual unrelated to the

8

accrual of the alleged debt Defendant sought to collect constituted violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f of the FDPCA. Furthermore, an additional primary issue exists as to whether this conduct constitutes an abusive, oppressive, or harassing practice in connection with the collection of alleged debts and thereby violates 15 U.S.C. § 1692d of the FDCPA.

49.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because of a well-defined public interest in this litigation:

50.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons who have been victimized as a result of the employment of Defendant's abovementioned practice that violates protections provided the FDCPA. The identities of all class members are readily ascertainable from the records of Defendant and the related civil justice system proceedings to which Defendant has employed the abovementioned practice.

51.     **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

      a.   Whether Defendant's pattern and practice of litigating cases against individuals with no association with the creation or accrual of the alleged debt constitutes a violation of 15 U.S.C. § 1692e(5) of the FDCPA.

      b.   Whether Defendant's pattern and practice of initiating litigation against individuals without any relation to the creation of the alleged debt constitutes

deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10) of the
FDCPA.

c.  Whether Defendant's actions described hereinabove constitute unfair harassing,
abusive, and oppressive debt collection practices in violation of 15 U.S.C. §
1692d of the FDCPA.

d.  Whether Defendant's pattern and practice described hereinabove constitute an
unfair or unconscionable act in an attempt to collect a debt in violation of 15
U.S.C. § 1692f of the FDCPA.

e.  Whether Plaintiff and the Class have been injured or sustained damages and are
entitled to remedy as a result of Defendant's conduct and if so, what the
appropriate measure and statutory formula to be applied in making such a
determination;

f.  Whether Plaintiff and the Class are entitled to relief in the forms, including but
not limited to, declaratory or injunctive in nature.

52.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The Plaintiff's claims are
typical of the other class members' claims because, among other things, all class members were
comparably injured. The Plaintiff and all members of the Plaintiff Class have claims arising out of
the Defendant's common uniform course of conduct complained of herein.

53.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**
Plaintiff is an adequate representative of the Class because their interests do not conflict with the
interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel
competent and experienced in complex class action litigation; Plaintiff intends to prosecute this
action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this

action and ensure the interests of the class will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq*.

54.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

55.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

56.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

57.     Kathleen S. McGinnis is a "consumer" as defined by § 1692a(3) of the FDCPA.

58.     Midland Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

59.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes.  "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

60.     The Third Circuit has held that the FDCPA is to be enforced by private attorney

generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

61.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
> (5) the threat to take any action that cannot legally be taken or that
> is not intended to be taken;
> (10) The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer.

15 U.S.C. § 1692e of the FDCPA.

62. Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of
> this section:
> (1) The collection of any amount (including any interest, fee, charge,
> or expense incidental to the principal obligation) unless such amount
> is expressly authorized by the agreement creating the debt or
> permitted by law.

15 U.S.C. § 1692f of the FDCPA.

63.     On October 30, 2019, Midland Funding, filed a Civil Complaint against Kathleen

S. McGinnis in Magisterial District Court at Docket Number: MJ-07207-CV-0000268-2019. See

Exhibit "A".

64.     On or about November 4, 2019, Kathleen S. McGinnis was served with the

abovementioned complaint at 408 South State Street, Apt 1, Newtown, Pennsylvania 18940.

65.     On November 22, 2019, The Law Firm of Fenters Ward served Midland Funding

with the First Dispute Letter whereby it demanded "proof of liability, accounting and ownership

of" any and all "Debts" Midland Funding possessed allegedly associated with Kathleen McGinnis. See Exhibit "C".

66.     The First Dispute Letter further demanded evidence documenting and pertaining to the alleged debt under 15 U.S.C. § 1692g of the FDCPA in the form of:

      a.   "the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

      b.   A document signed by our client evidence the opening of the account forming the basis for the debt;

      c.   The name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

      d.   The last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available at the time of charge-off; the charge-off balance;

      e.   Midland Funding, LLC method of calculating any amount claimed in excess of the charge-off balance;

67.     A copy of the statement where Midland Funding, LLC offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account." See Exhibit "C".

68.     Midland Funding refused to provide, once again, The Law Firm of Fenters Ward or Kathleen S. McGinnis with any of the above-requested documentation to validate and verify the alleged debt and its attribution to Kathleen S. McGinnis.

69.     On December 4, 2019, a Civil Action Hearing was held before the Honorable Michael Petrucci, Magisterial District Judge. See Exhibit "A".

70.     Within this Civil Action Hearing, Midland Funding offered into evidence documentation that purportedly illustrated the veracity of its ownership of the abovementioned alleged debt.

71.     This documentation included an Affidavit, a Bill of Sale, a letter from Comenity Bank, and two account statements.

72.     The letter from Comenity Bank and the account statements associated with the alleged debt are addressed to a Kathleen F. McGinnis with a home address of 86 Greenridge Circle, Newton, Pennsylvania 18940.

73.     At no time, past nor present, has Kathleen S. McGinnis resided, utilized, or otherwise been associated with this address nor utilized the name "Kathleen F. McGinnis".

74.     By instigating litigation to collect an alleged debt to which Kathleen S. McGinnis possessed no relation to, Midland Funding took an action that cannot legally be taken in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

75.     Furthermore, Midland Funding attempted to collect an alleged debt Kathleen S. McGinnis did not owe, incur, or have any contractual relation with and thereby utilized false and misleading representations in an attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

76.     The utilization and employment of litigation to collect a debt Kathleen S. McGinnis did not owe constituted an unfair or unconscionable act in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

77.     Midland Funding was not legally entitled to collect any alleged debt associated with Kathleen F. McGinnis from Kathleen S. McGinnis.

78.     Therefore, Midland Funding attempted to collect any amount not expressly authorized by the alleged agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1) of the FDCPA.

79.     Furthermore, Midland Funding's attempted collection of an alleged amount associated with Kathleen F. McGinnis from Kathleen S. McGinnis constituted an unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

80.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

81.     Here, the only natural consequence of Midland Funding's acts of willfully initiating litigation against an individual with no association with the alleged debt was Kathleen S. McGinnis was to harass, oppress, and abuse Kathleen S. McGinnis.

82.     As such, Midland Funding's conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

83.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15

15 U.S.C. § 1692k(a) of the FDCPA.

84.     As a direct and proximate result of Midland Funding's violations of the FDCPA, as set forth above, Kathleen S. McGinnis has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Kathleen S. McGinnis, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Midland Funding, LLC, and enter an award of monetary damages as described herein, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Kathleen S. McGinnis, on her own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Midland Funding, LLC, as follows:

A.  Declaring this action a proper class action, certifying the class as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.  Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the class members as a result of Defendant's unlawful conduct;

C.  Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

D.  Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E.  Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F.  Ordering such other and further relief as may be just and proper

## **<u>JURY DEMAND</u>**

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: September 29, 2020                    By: _____

                                               Joshua P. Ward (Pa. I.D. No. 320347)
                                               Kyle H. Steenland (Pa. I.D. No. 327786)

                                               The Law Firm of Fenters Ward
                                               The Rubicon Building
                                             201 South Highland Avenue
                                               Suite 201
                                             Pittsburgh, PA 15206

                                               Counsel for Plaintiff