IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN S. MCGINNIS,** *on behalf of herself and all others similarly situated*, <br><br> *Plaintiff*, <br><br> v. <br><br> **MIDLAND FUNDING LLC,** <br><br> *Defendant*. | Case No. 2:20-cv-05370-JDW |

## MEMORANDUM

Midland Funding served an offer of judgment on Kathleen McGinnis, who proposes to represent a class. The offer of judgment created a dilemma: accept the offer and abandon the putative class or press on. Ms. McGinnis pressed on, so the offer expired. But now she wants the Court to strike it because she says it created an unfair dilemma for her. The Court agrees that it created a dilemma but disagrees that it was unfair. So the Court will deny Ms. McGinnis's motion.

**I.   BACKGROUND**

Kathleen McGinnis filed this putative class action complaint on October 27, 2020. Defendant sent Plaintiff an offer of judgment on January 26, 2021 for $1,001.00. Plaintiff then filed this Motion to Strike on February 8, 2021. The offer expired on February 9, 2021.

## II.   ANALYSIS

### A.   Motion To Strike

The Court first must address the procedural basis for Ms. McGinnis's motion. She captions her motion as a "Motion to Strike," and those semantics create some confusion, both in this case and others. Federal Rule of Civil Procedure 12(f) provides for motions to strike certain material from a pleading. *See* Fed. R. Civ. P. 12(f). That rule applies only to certain types of pleadings, not including an offer of judgment. As a result, Midland Funding argues that the Motion is improper.

But courts can entertain motions to strike beyond what Rule 12(f) provides. "[F]ederal judges have the inherent power to manage cases that come before them[.]" W*illiams v. Guard Bryant Fields*, 535 F. App'x 205, 212 (3d Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *see, e.g.*, *Degen v. United States*, 517 U.S. 820, 823 (1996) ("Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *United States v. Hudson*, 7 Cranch 32, 34 (1812). That includes entertaining motions that a party captions a motion to strike but that are different in kind than the motions that Rule 12(f) contemplates.

Ultimately, Midland Funding's argument is one of semantics. If Ms. McGinnis had captioned her motion a "Motion To Declare Offer Of Judgment Null And Void," or something similar, the Court could entertain it under its inherent power. That power does not change just because Ms. McGinnis used the word "strike" in the caption of her motion. That focus on semantics, at the expense of deciding the merits

of the parties' dispute, would run afoul of Rule 1's requirement that the Court construe the rules to ensure a just, speedy, and inexpensive determination of this and every case. *See* Fed. R. Civ. P. 1.

### B. Offer Of Judgment

Federal Rule of Civil Procedure 68 provides: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." If the offeree does not accept the offer within 14 days, it is considered rejected and is withdrawn. Where an offeree rejects an offer, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." *Id.*

The Supreme Court has held "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case" in a class action. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016). The Court then concluded that "[u]nder basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected [by allowing it to lapse], had no continuing efficacy." *Id.* at 163. Also, Rule 68 "hardly supports the argument that an unaccepted settlement offer can moot a complaint." *Id.* Following the Supreme Court's decision in *Campbell-Ewald*, the Third Circuit ruled that even "when a plaintiff's individual claim for relief is acutely susceptible to mootness by the actions of a defendant, that plaintiff may continue to represent the class [she] is seeking to certify even if [her] individual claim has been mooted by actions of the defendant." *Richardson v. Bledsoe*, 829 F.3d 273, 279 (3d Cir. 2016).

3

Ms. McGinnis rejected Midland Funding's offer of judgment when she did not accept it within 14 days. So the offer has "no continuing efficacy." *Campbell-Ewald Co.*, 577 U.S. at 163. The offer of judgment does not now, and did not ever, moot the class action before the class certification stage. Because the Supreme Court has addressed Ms. McGinnis's concern of mootness, there is no reason to strike the offer.

The Court recognizes that an offer of judgment can create some tension for a putative class representative who has to decide whether to accept the offer and avoid any potential liability for costs in the future or to continue to pursue the class's interest. But Rule 23 permits a plaintiff who is afraid of the impact of rejecting an offer of judgment to accept the offer without court approval, as long as the plaintiff has not yet filed a class certification motion. *See* Fed. R. Civ. P. 23(e). A plaintiff in that position has to face the same choice as any other plaintiff faced with an offer of judgment. There's nothing unfair about that. To hold otherwise would mean that a defendant can never serve an offer of judgment on a putative class representative. If that were the case, Rule 68 would say so. It doesn't, and the Court will not read that limit into Rule 68 by implication.

### III.   CONCLUSION

The offer of judgment created a dilemma for Ms. McGinnis, just as offers of judgment do for all plaintiffs. But that's no reason to strike the offer. The Court will therefore deny Ms. McGinnis's motion. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 19, 2021